```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| THE ESTATE OF GEOVANY FUENTES, | § | |
| DECEASED, AND NANCY FUENTES, | § | |
| INDIVIDUALLY AND A/N/F TO GEOVANA | § | |
| FUENTES AND JAIR FUENTES, MINOR | § | |
| CHILDREN, | § | |
| | § | |
|     Plaintiffs, | § | Civil Action |
| | § | No. C-06-425 |
| v. | § | |
| | § | |
| ESTUARDO ALECIO, | § | |
| | § | |
|     Defendant. | § | |

**ORDER**

On November 6, 2006, the Court held a telephone conference in the above-styled action. At this conference, for the reasons set forth below, the Court DISMISSED with prejudice Plaintiffs' breach of contract cause of action against Defendant Estuardo Alecio.

**I.**  **Jurisdiction**

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).

**II.**  **Factual and Procedural Background**

On August 10, 2006, Plaintiffs Nancy Fuentes, individually and as next friend of Geovana Fuentes and Jair Fuentes (minor children), along with the Estate of Geovany Fuentes (together, "Plaintiffs") sued Defendant Estuardo Alecio in the 79th Judicial District Court of Brooks County, Texas. (D.E. 4, Notice of Removal, ¶ 1; Original Petition (Exh. B to Notice of Removal) ("Petition")). The Defendant removed the case to this Court on

October 4, 2006.  (Notice of Removal, p. 4).[1]

Plaintiffs' Petition alleges that the decedent, Geovany Fuentes, "employed the services" of the Defendant to "successfully help him on his journey to the United States."  (Petition, ¶ 8). Plaintiffs allege that the decedent died in Brooks County, Texas, after he could travel no further and fell to the ground as a result of heat exhaustion.  (Id.).

In their Petition, Plaintiffs bring claims against Defendant Estuardo Alecio for negligence (including gross negligence and negligence per se) and breach of contract.  (Petition, ¶¶ VII-VIII).  On the breach of contract claim, Plaintiffs claim that the decedent Geovany Fuentes and Defendant Estuardo Alecio entered into a verbal agreement whereby Defendant "agreed to act as a guide for Decedent in exchange for a sum of money."  (Id. at ¶ VIII). Plaintiffs allege that Defendant "failed to complete his duties as a guide", and that the decedent died as a result of Defendant's breach of contract.[2]  (Id.).

---

[1] Defendant had removed the case earlier, on September 29, 2006 (D.E. 1), but his Notice of Removal was struck for various technical defects.  Defendant corrected the defects and re-filed his Notice of Removal on October 4, 2006 (D.E. 4).

[2] The Petition reads as if Defendant Estuardo Alecio was the actual guide who led decedent on his journey into the United States. (Petition, ¶¶ 8, VII).  However, during the November 6, 2006 telephone conference before the Court, the parties clarified that Plaintiffs do not allege that Mr. Alecio was the actual guide in Brooks County with the decedent, rather Plaintiffs allege that Mr. Alecio accepted money to arrange for a guide to bring the decedent into the United States.

III. **Discussion**

Plaintiffs' breach of contract claim fails as a matter of law, because "a contract to do a thing which cannot be performed without a violation of the law is unenforceable." Gupta v. Eastern Idaho Tumor Institute, Inc., 140 S.W.3d 747, 751 Tex. App.--Houston [14th Dist.] 2004; see also Rico v. Flores, 405 F.Supp.2d 746, 759-60 (S.D. Tex. 2005); ("Throughout history, the law in Texas has continued to hold that illegal contracts or contracts to perform illegal acts will not be enforced."); Villanueva v. Gonzalez, 123 S.W.3d 461, 464 (Tex. App.--San Antonio 2003) ("A contract to do a thing which cannot be performed without violation of the law violates public policy and is void."); DiFrancesco v. Houston General Ins. Co., 858 S.W.2d 595, 598 (Tex. App.--Texarkana 1993) ("It is a familiar law of contracts that an illegal agreement is unenforceable").

In this case, Plaintiffs allege that Defendant breached his contract with the decedent, whereby in exchange for money the Defendant arranged to have the decedent brought into the United States. (Petition, ¶¶ 8, VII). This is an illegal contract. Pursuant to 8 U.S.C. § 1324(a), it is illegal to bring an alien into the United States, to transport or move an alien within the United States, and to conceal, harbor or shield an alien from detection. See 8 U.S.C. § 1324(a)(1)(A)(i)-(iii). Moreover, it is illegal to "encourag[e] or induc[e] an alien to come to, enter, or

reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law." 8 U.S.C. § 1324(a)(1)(A)(iv).  For the Defendant to have fulfilled his obligations under the alleged contract with the decedent, the Defendant would have had to violate 8 U.S.C. § 1324(a).  Accordingly, such a contract is unenforceable, and Plaintiffs cannot bring a breach of contract claim against the Defendant.  See Gupta,140 S.W.3d at 751.

### IV. Conclusion

For the reasons set forth above, this Court hereby DISMISSES with prejudice Plaintiffs' breach of contract claim against Defendant Estuardo Alecio.  Plaintiffs' only remaining cause of action against the Defendant in this action is for negligence.

SIGNED and ENTERED this 10th day of November, 2006.

_____
Janis Graham Jack
United States District Judge