```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                 CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| THE ESTATE OF GEOVANY FUENTES, § | | |
| DECEASED, AND NANCY FUENTES, § | | |
| INDIVIDUALLY AND A/N/F TO GEOVANA § | | |
| FUENTES AND JAIR FUENTES, MINOR § | | |
| CHILDREN, § | | |
| § | | |
| Plaintiffs, § | Civil Action | |
| § | No. C-06-425 | |
| v. § | | |
| § | | |
| ESTUARDO ALECIO, § | | |
| § | | |
| Defendant. § | | |

### ORDER GRATING DEFENDANT'S MOTION TO DISMISS

On this day came on to be considered Defendant Estuardo Alecio's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 14), on the grounds that Plaintiffs' negligence claim against Defendant is barred as a matter of law by Texas' unlawful acts rule.  For the reasons set forth below, this Court hereby GRANTS Defendant's motion to dismiss, and this Court hereby DISMISSES with prejudice Plaintiffs' negligence cause of action against Defendant Estuardo Alecio.  As this Court has now dismissed all of Plaintiffs' causes of action against the Defendant, Plaintiffs' Petition is hereby DISMISSED in its entirety with prejudice.[1]

---

[1] As discussed below, Plaintiffs have only brought negligence and breach of contract causes of action against Defendant Estuardo Alecio.  This Court already dismissed with prejudice Plaintiffs' breach of contract claim against the Defendant. (D.E. 13).  Accordingly, as this Court also hereby dismisses Plaintiffs' negligence claim against the Defendant, Plaintiffs' entire Petition is hereby dismissed with prejudice.

**I.   Jurisdiction**

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).

**II.  Factual and Procedural Background**

On August 10, 2006, Plaintiffs Nancy Fuentes, individually and as next friend of Geovana Fuentes and Jair Fuentes (minor children), along with the Estate of Geovany Fuentes (together, "Plaintiffs") sued Defendant Estuardo Alecio in the 79th Judicial District Court of Brooks County, Texas.  (D.E. 4, Notice of Removal, ¶ 1; Original Petition (Exh. B-1 to Notice of Removal) ("Petition")).  The Defendant removed the case to this Court on October 4, 2006.  (Notice of Removal, p. 4).

Plaintiffs' Petition alleges that the decedent, Geovany Fuentes, "employed the services" of the Defendant to "successfully help him on his journey to the United States."  (Petition, ¶ 8). Plaintiffs allege that the decedent died in Brooks County, Texas, after he could travel no further and fell to the ground as a result of heat exhaustion.[2]  (Id.).

Plaintiffs brought causes of action against the Defendant for

---

[2] Plaintiffs' Petition reads as if Defendant Estuardo Alecio was the actual guide who led decedent on his journey into the United States. (Petition, ¶¶ 8, VII).  However, during a November 6, 2006 telephone conference before the Court, the parties clarified that Plaintiffs do not allege that Mr. Alecio was the actual guide in Brooks County with the decedent, rather Plaintiffs allege that Mr. Alecio accepted money to arrange for a guide to bring the decedent into the United States.

negligence and for breach of contract. On November 10, 2006, the Court dismissed Plaintiffs' breach of contract cause of action against Defendant Estuardo Alecio (D.E. 13).[3] The Court specifically held that Plaintiffs' only remaining cause of action against Defendant is for negligence.[4]  (Id.).

In their negligence claim, Plaintiffs allege that Defendant Estuardo Alecio is liable for general negligence, negligence per se, gross negligence and malice towards the decedent. (Petition, ¶ VII). Plaintiffs allege that the Defendant failed to provide food and drink to the decedent, failed to protect the decedent from the

---

[3]Plaintiffs allege that Defendant breached his contract with the decedent, whereby in exchange for money the Defendant would arrange to have the decedent brought into the United States. (Petition, ¶¶ 8, VII). This is an illegal contract. Pursuant to 8 U.S.C. § 1324(a), it is illegal to bring an alien into the United States, to transport an alien within the United States, to conceal, harbor or shield an alien from detection, and to knowingly or recklessly encourage or induce an alien to enter the United States in violation of the law. See 8 U.S.C. § 1324(a)(1)(A). Accordingly, the Court dismissed Plaintiffs' breach of contract claim because in order for the Defendant to have fulfilled his obligations under the alleged contract with the decedent, the Defendant would have had to violate 8 U.S.C. § 1324(a). Such a contract is void and unenforceable, as it is "a contract to do a thing which cannot be performed without a violation of the law". Gupta v. Eastern Idaho Tumor Institute, Inc., 140 S.W.3d 747, 751 (Tex. App.--Houston [14th Dist.] 2004).

[4]The Court notes that it is not clear whether Plaintiffs intended to bring a wrongful death claim against Defendant. While Plaintiffs' Petition does not specifically allege wrongful death against Mr. Alecio, Plaintiffs reference "wrongful death" in certain damages sections of their Petition. This Court will treat any possible wrongful death claim of the Plaintiffs as arising out of their negligence claim against the Defendant. As set forth below, this Court hereby dismisses with prejudice Plaintiffs' negligence claim. Accordingly, any possible wrongful death claim is hereby dismissed with prejudice as well.

surroundings, and that the Defendant caused the decedent's death by violating Sections 19.02, 19.04, 19.05, 20.02 and 20.05 of the Texas Penal Code. (<u>Id.</u>).

Defendant filed the instant motion to dismiss on November 17, 2006 (D.E. 12). Defendant argues that Plaintiffs' negligence claim against Defendant must be dismissed based on the Texas unlawful acts rule. (<u>Id.</u> at pp. 2-3). Plaintiffs filed their response to Defendant's motion to dismiss on December 11, 2006 (D.E. 23).

### III. Discussion

#### A. Motions to Dismiss

"Motions to dismiss are viewed with disfavor and are rarely granted." <u>Test Masters Educ. Services, Inc. v. Singh</u>, 428 F.3d 559, 570 (5th Cir. 2005); <u>Lowrey v. Texas A&M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997). In analyzing a motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999). The Court must also draw all reasonable inferences from those facts in the plaintiff's favor. See <u>Lovick v. Ritemoney Ltd.</u>, 378 F.3d 433, 437 (5th Cir. 2004). Dismissal is proper only where, viewing the facts in the light most favorable to the plaintiff, "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th

Cir. 1995); see also Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003); Lowrey, 117 F.3d at 247 (stating that "[t]he question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief").

### B. The Texas Unlawful Acts Rule

The "unlawful acts rule" was first established in Texas in Gulf, C. & S.F. Ry. Co. v. Johnson, 71 Tex. 619 (Tex. 1888). See Gladu v. Wallace, 2003 WL 2010946, *2 (Tex. App.--Eastland 2003). "***Under the unlawful acts rule, a plaintiff cannot recover for his claimed injury if, at the time of the injury, he was engaged in an illegal act***". Sharpe v. Turley, 191 S.W.3d 362, 365 (Tex. App.--Dallas 2006) (emphasis added); see also Ward v. Emmett, 37 S.W.3d 500, 503 (Tex. App.--San Antonio 2001) ("[i]n those cases where it can be shown that at the time of the injury the plaintiff was engaged in [an] illegal act, the rule is that if the illegal act contributed to the injury, the plaintiff cannot recover."); Tsai v. Chang, 2001 WL 717807, *4 (Tex. App.--Dallas 2001) ("If a cause of action connected with an illegal transaction cannot be established without reliance on the illegal transaction, it comes within the illegal acts rule and the plaintiff is precluded from recovery as a matter of law."); Saks v. Sawtelle, Goode, Davidson & Troilo, 880 S.W.2d 466, 470 (Tex. App.--San Antonio 1994); Dover v. Baker, Brown, Sharman & Parker, 859 S.W.2d 441 (Tex. App.--

Houston [1st Dist] 1993); Duncan Land & Exploration, Inc. v. Littlepage, 984 S.W.2d 318, 328 (Tex. App.--Fort Worth 1998); Rodriguez v. Love, 860 S.W.2d 541, 544 (Tex. App.--El Paso 1993).

Rico v. Flores, 405 F.Supp.2d 746 (S.D. Tex. 2005) is a case with a fact scenario similar to the instant litigation, where the court applied the unlawful acts rule to hold that the plaintiffs could not recover against the defendants. See id. at 760-63. The plaintiffs were surviving family members of illegal aliens who died trying to enter the United States in a railway car. Two Union Pacific employees agreed to hide the decedents in the railway car to get through a checkpoint. See id. at 751-52. After passing the checkpoint, the decedents remained locked in the car and died. See id. Plaintiffs sued Union Pacific and the two Union Pacific employees, along with other defendants, alleging negligence and conspiracy. See id. at 752.

The case came before the court on a motion to remand, and the issue was whether the two Union Pacific employees were fraudulently joined by the plaintiffs.[5] See id. at 753-55. The court found that the Union Pacific employees were fraudulently joined, because Texas law barred the plaintiffs from recovering against them. See id. at 757 ("For almost 160 years, Texas law has consistently disallowed parties from using the courts to recover damages from

---

[5]Since the Union Pacific employees were citizens of Texas, Union Pacific could not remove if its two employees remained as defendants in the case. See 28 U.S.C. § 1441(b).

illegal transactions. This is true whether those claims are based in contract or in tort").

The Rico court found that the Plaintiffs' conspiracy claims against the Union Pacific workers failed as a matter of law, since they were essentially claims to recover for breach of an illegal contract. See id. at 759-60. The court further found that the plaintiffs' negligence claims against the two Union Pacific employees were barred by Texas' unlawful acts rule, since the decedents participated in an illegal activity by paying the Union Pacific employees to help them enter and travel in the United States. See id. at 761, 763 (stating "that no cause of action may be premised upon an admittedly unlawful act of the party asserting it.").

    **C.**    **Plaintiffs' Negligence Claim is Barred by the Unlawful Acts Rule**

This Court finds that Plaintiffs' negligence claim against the Defendant is barred as a matter of law by the Texas unlawful acts rule.

8 U.S.C. § 1325(a), "Improper entry by alien", makes it illegal for an alien to "enter or attemp[t] to enter the United States at any time or place other than as designated by immigration officers," and to "elud[e] examination or inspection by immigration officers". 8 U.S.C. § 1325(a).

Taking all of Plaintiffs' allegations as true and drawing all

inferences in Plaintiffs' favor, this Court still must conclude that the decedent was violating 8 U.S.C. § 1325(a) at the time of his death.

Plaintiffs' own Petition states that the decedent "employed the services" of the Defendant to "successfully help [the decedent] on his journey to the United States." (Petition, ¶ 8). Plaintiffs' Petition states that this "journey" took place with a guide, through a stretch of land in Brooks County, where the decedent was proceeding on foot. (Id.). Moreover, Plaintiffs allege that the decedent died alone, after asking his guide for water. (Id.). If the decedent had been coming into the country through a regular legal United States port of entry, it follows that he would not have been traveling by foot in a very sparsely populated area, without any access to water, where he would be "le[ft] to die under the sweltering sun." (Id.). Further, Plaintiffs' counsel admitted at a telephone conference before this Court on November 6, 2006, that Plaintiffs allege that the Defendant was a "coyote" who "got paid ... money for the arrangements" to bring the decedent into the United States. (Remarks of Plaintiffs' counsel at Nov. 6, 2006 telephone conference). A "coyote" is one who "assist[s] in the illegal entry of persons for a fee." United States v. Gonzalez, 412 F.3d 1102, 1114 (9th Cir. 2005); see also United States v. Ibarra-Zelaya, 465 F.3d 596, 600 (5th Cir. 2006). Based on all of the above, the

Court concludes that the decedent was an alien attempting to enter the United States illegally, in violation of 8 U.S.C. § 1325(a), when he died in Brooks County.

This case falls squarely within the Texas unlawful acts rule. Per the unlawful acts rule, the Plaintiffs cannot recover for the decedent's claimed injury if, at the time of the injury, the decedent was involved in an illegal act. See Rico, 405 F.Supp.2d at 760-62; see also Sharpe, 191 S.W.3d at 365.[6]  In this case, the decedent was engaged in an illegal act at the time of his death, namely attempting to enter the United States illegally in violation of 8 U.S.C. § 1325(a).  The decedent's act clearly contributed to his injury, because he would not have been alone in Brooks County, exposed to the sun and without water, had he not illegally entered the United States.[7]  Further, Plaintiffs' allegations against the

---

[6]The Court notes that in Rico, 405 F.Supp.2d at 760-63, the court applied the unlawful acts rule in a case where the plaintiffs were the surviving family members of the illegal aliens who died trying to enter the United States, as is the case in the instant litigation.

[7]Plaintiffs argue in their response that the Defendant has not shown that the decedent's illegal conduct contributed to his injuries. (Response, ¶ 10).  It is axiomatic that the decedent's illegal conduct contributed to his injuries.  As noted above, had the decedent not illegally entered the country, he would not have died in Brooks County, alone in a remote area without water and shelter.  This fact cannot be changed by the "further discovery" requested by the Plaintiffs.  Plaintiffs also argue that the Defendant must prove that Plaintiffs' damages resulted from decedent's illegal conduct. (Response, ¶ 11).  Again, it is axiomatic that Plaintiffs' damages resulted from the decedent's illegal entry into the United States.  Had the decedent not entered the United States in violation of 8 U.S.C. § 1325(a), the decedent would not have died from lack of water and shelter in

Defendant center on his alleged participation in the decedent's illegal attempt to enter the United States. This case is very similar to Rico v. Flores, 405 F.Supp.2d at 760-63, and like the court in Rico, this Court finds that Plaintiffs' negligence cause of action is barred as a matter of law by the unlawful acts rule. See id.; see also Sharpe, 191 S.W.3d at 365; Ward, 37 S.W.3d at 503.[8]

## IV. Conclusion

For the reasons set forth above, this Court hereby GRANTS Defendant Estuardo Alecio's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 14). Plaintiffs' negligence cause of action against the Defendant is hereby DISMISSED with

---

Brooks County. Accordingly, Plaintiffs would not have suffered the damages they allege in their Petition.

[8]The Court notes Plaintiffs' unpersuasive argument that Defendant's "unclean hands" bar application of the unlawful acts rule to Plaintiffs' claims. (Response, ¶¶ 1-9). "The unclean hands doctrine is used to defeat an undeserving *plaintiff's* claim for equitable relief against a defendant that he has injured." Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 379 (5th Cir. 2004) (emphasis added). The Court notes that the Defendant is not the one seeking monetary damages in this case, and the fact that the Defendant may have violated the law was brought to the attention of the United States Attorney's office during a hearing before this Court. If the Defendant violated the law, he is subject to criminal penalties, and he is not "immune" from punishment as is alleged by the Plaintiffs. (Response, ¶ 3). Moreover, in Rico v. Flores, the court applied the unlawful acts rule to bar the plaintiffs' claims against defendants who accepted money to illegally transport aliens into the United States. See Rico, 405 F.Supp.2d at 761-63. These defendants would have had the same alleged "unclean hands" as the Defendant in this case, and the unlawful acts rule unequivocally applied to bar the plaintiffs' claims against them. See id.

prejudice.  As this Court has hereby dismissed all of Plaintiffs' causes of action against Defendant Estuardo Alecio, Plaintiffs' Petition is hereby DISMISSED in its entirety with prejudice.

SIGNED and ENTERED this 26th day of December, 2006.

_____
Janis Graham Jack
United States District Judge